UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

MARK JACKSON II                                                        PLAINTIFF

v.                                          CIVIL ACTION NO. 4:16CV-P147-JHM

WEBSTER COUNTY JAIL *et al.*                          DEFENDANTS

**MEMORANDUM OPINION**

      Plaintiff Mark Jackson II filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 in the Northern District of Ohio (DN 1). *See* Civil Action No. 1:16CV-02695-DCN. By order entered November 14, 2016, that court transferred the action to the Western District of Kentucky, where proper venue lies (DN 4). On November 15, 2016, the Clerk of this Court mailed a copy of the docket sheet for the instant action to Plaintiff at Webster County Detention Center, his address of record. On December 5, 2016, the copy of the docket sheet mailed to Plaintiff was returned to the Court by the United States Postal Service with the returned envelope marked "Return to Sender," "Refused," and "Unable to Forward" (DN 6). Review of the docket sheet in the originating Northern District of Ohio case reveals that three mailings sent to Plaintiff at the Webster County Detention Center were returned to that court on November 16, December 5, and December 6, 2016, and marked "Return to Sender," "Not Deliverable as Addressed," "Refused," "Insufficient Address," and "Unable to Forward." Further, that docket sheet reveals that as of the date of this Memorandum Opinion, Plaintiff has not provided a notice of change of address to the Northern District of Ohio.

      Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan*

*v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because the docket sheets in this case and in the originating case in the Northern District of Ohio reveal that well over a month has passed without Plaintiff providing any notice of an address change, neither orders from this Court nor filings by Defendants can be served on him. The Court, therefore, concludes that Plaintiff has abandoned any interest in prosecuting this case and that dismissal is warranted. *See, e.g.*, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) ("[Plaintiff's] complaint was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address."); *Hananiah v. Shelby Cty. Gov't*, No. 12-3074-JDT-TMP, 2015 WL 52089, at *3 (W.D. Tenn. Jan. 2, 2015) ("Without such basic information as a plaintiff's current address, courts have no recourse but to dismiss a complaint for failure to prosecute.").

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date: February 3, 2017

                                              **Joseph H. McKinley, Jr., Chief Judge**
                                                 **United States District Court**

cc:     Plaintiff, *pro se*
        Defendants
4414.005